# EXHIBIT A

SUMMONS

Attorney(s) _____
Office Address  261 SOUTH ORANGE AVE,
Town, State, Zip Code  NEWARK, N.J., 07103

Telephone Number  973-444-6921
Attorney(s) for Plaintiff _____
ERIC KEMMO

Plaintiff(s)

vs.

ISLAND TRANSPORTATION CORP.

Defendant(s)

**Superior Court of New Jersey**

ESSEX County
_____ Division
Docket No: ESXL 008965-25

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

_____
Clerk of the Superior Court

DATED: 11/21/2025
Name of Defendant to Be Served: ISLAND TRANSPORTATION CORP.
Address of Defendant to Be Served: 850 PORT READING AVENUE, PORT READING, N.J., 07064

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

Form A

**Plaintiff or Filing Attorney Information:**

Name ERIC KEMMO

NJ Attorney ID Number _____

Address 261 SOUTH ORANGE AVENUE FL 2F NEWARK, N.J. 07103

Email Address ekmo007@gmail.com

Telephone Number 9734446092 ext. ___

SUPERIOR COURT OF NEW JERSEY
SCP DIVISION - ESSEX VICINAGE

NOV 21 2025

FINANCE DIVISION
RECEIVED/FILED

Superior Court of New Jersey
_____ Division ESSEX County
_____ Part

ERIC KEMMO,
   Plaintiff,
v.
ISLAND TRANSPORTATION CORP.
   Defendant(s).

Docket No: ESX L 008965-25
(to be filled in by the court)

Civil Action

**Complaint**

Plaintiff, ERIC KEMMO, residing at: 261 SOUTH ORANGE AVENUE City of NEWARK, County of ESSEX, State of New Jersey, complaining of defendant, states as follows:

1. I. On AUGUST 5, 2019, I WAS HIRED BY ITC, Defendant: (Summarize what happened that resulted in your claim against the defendant. Use additional pages if necessary.)
AS A FULL-TIME TRUCK DRIVER AND WAS RECEIVING BENEFITS DUE TO MY EMPLOYMENT STATUS.

II. DURING MY EMPLOYMENT, I REPORTED SEVERAL WORKPLACE COMPLAINTS ABOUT DISCRIMINATION AND RETALIATION AGAINST MY FORMER MANAGER, LOUIS FUENTES.

The defendant in this action resides at:
850 PORT READING AVENUE, PORT READING in the county of MIDDLESEX, State of New Jersey.

2. Plaintiff is entitled to relief from defendant under the above facts.

3. The harm that occurred as a result of defendant's acts include: (list each item of damage and injury)
   1. RECEIVED EYES DAMAGED AND EYES INJURIES. LOSS WAGES FROM BEING WRONFUL TERMINATED. MENTAL HARDSHIP FROM UNFAIR TREATMENT. PAIN AND SUFFERING.

II. Continuous.

I experienced different treatment from Louis compared to other workers who are not African American. He would constantly harass me at the workplace, change my schedule and routes even though they were based on seniority, and find any reason to write me up, which led to termination.

III. On or around December 1, 2024, I was assaulted by a male at a gas station when I went to deliver fuel while driving the company truck. This male approached me, verbally threatened me, and then assaulted me. I was transported to the hospital by ambulance and treated in the emergency room. The respondent conducted an investigation into the assault. Their findings stated that I threatened the male with a crowbar, escalating the tension. On December 17, 2024, I was terminated by Louis Fuentes for allegedly threatening the male with a crowbar. I filed a grievance with my local union. My union and I took the case to a hearing, which we won, as the company could not produce sufficient evidence to show I had threatened the male with a crowbar. Nonetheless, the company disagreed with the outcome,and it went to arbitration.

IV. Based on the information above, I believe I have been discriminated against based on my national origin: African and being retaliated against for filing several complaints of discrimination in violation of
Title VII of the Civil Rights Act of 1964, as amended.

V. On the date of the grievance hearing, the union delegate Michael Gatto testify:
The date the company gave to the union for the grievance hearing was far from the date of the active practice. Kemmo did not exit the vehicle in the harassing matter. I spoke to the police, the police made no notion to the union that Kemmo was incorrect in the situation. It is not a termination offence, it is not a level of termination. You can not tell in that video whether he has a crowbar or not, you can not tell what he grabs, nor can you tell what he has. We agreed with the actions that were taken here.
 I don't think the company has a good case. In the termination letter, The company makes an illusion that the store Wawa has suspended him for the property. He cannot deliver or drive there, we have reason to believe that this is not the case. In the situation Wawa has not made any mention of him. The video with the wawa situation has been removed. Now we need to just focus on the issue with the video, so that we can get furthermore into the case. Getting out of the vehicle was incorrect, but I don't believe it rose to the level of termination. You understand that when we file a grievance, the company is supposed to review the case and the evidence, not just automatically assume that it's 100% incorrect and not make any move. So by us, you are supposed to come to the meeting and hear the evidence and then make a determination, not make a predecision termination.
We have reason to believe you don't have a letter from Wawa suspending him from the facility, which you are making reference to the termination. The other drivers words was "I am going to fuck you up". If he said he was going to fuck you up, you guys would have a better case.

VI. On the date of the grievance hearing with the company, the union shop Steward Lloyd Bullock testify:
I never had a problem about anyone walking to my truck and approaching me. Someone told me that they were in the same situation as Kemmo and they were still working there. So once another daily came I was suspended from an account. Then he told them, I don't work for them, that I work for island transportation and they put me back to work, I didn't go back to that terminal and that's what happened.

VII. On the date of the grievance hearing with the company, the Safety supervisor Pierre Louis Rubin Testify:
The driver Eric Kemmo was assaulted that night in Linden at Wawa.

VIII. On the date of the grievance hearing with the company, the manager Louis Fuentes testify:
His Termination Felt Short.

IX. On the date of the arbitration hearing with the company, the union lawyer William (Bill) Wolf testify:
The video was fabricated by island transportation, and it is not the same video that Kemmo saw in the grievance hearing. If you want, I will call Michael Gatto and he will say the same thing. The email message from Wawa was also fabricated by island transportation, Why such an important document was not available on the day of the grievance hearing with Michael Gatto. A man named Pierre Louis Rubin said driver Eric Kemmo was assaulted that night, in Linden at Wawa.

X. Closing statement of the union lawyer Bill (William) Wolf. We return to the opening statement where it is confirmed by the termination letter that Eric Kemmo's discharge is based on the incident that occurred on December 1, 2024. We received testimony regarding the events that transpired on December 1, 2024, which remains undisputed. Mr. Kemmo was on his third load of the day, having commenced his shift at 1:00 PM. By approximately 10:30 to 10:45 PM, on a rainy night, he found himself in a challenging situation. During this time, he was confronted by a driver whose behavior was unarguably offensive and controversial, clearly seeking to instigate a confrontation. We heard the audio from that day where the other driver said, "I am going to kill you, I am going to fuck you up". In that kind of situation it is very difficult to figure out what the next should be. The video that is constantly happening is just 4 minutes. In that short stand, Eric Kemmo responded, and also responded by protecting employer property and protecting himself. Who wants to be sitting in the truck cap facing a crazy man. So it is also undisputed, he called the police which is the right thing to do when someone is threatening you. Thereafter he called the police. While he was on the phone, the other driver assaulted him, and threw a cup of hot coffee in his face.

It is also undisputed, Mr.Kemmo contacted dispatch, it is in Joint Exhibit C.
Following Mr. Kemmo's hospitalization due to injury, he promptly reported the incident to his employer that same night, as documented in Joint Exhibit C. In response, the company initiated an investigation. However, the investigation process appeared limited; it consisted primarily of a brief discussion with Mr. Kemmo and a review of two documents. These documents were the employer's injury report, which lacks clarity, specifically noting that the incident was reported to the employer on December 1st. It also says today's date was 12/04/2024, and the employer signed on December 7, 2024.
Joint Exhibit C supports Mr.Kemmo statement, it is called terminal report, and was reported by someone named Pierre Louis Rubin, that driver Eric Kemmo was assaulted at Wawa in linden that night. It also appears that the company then did some work in order to remove Mr.Kemmo on cross examination. It was revealed that the company had contacted Wawa and was responsible for establishing the circumstances under which Mr.Kemmo was allegedly not permitted to drop off a load at Wawa.
On January 9, 2025, during the significant grievance hearing, a video was presented, to which both the union representative and Mr. Kemmo provided their responses. The crucial email dated December 16 was not presented to Mr. Kemmo during the relevant proceedings. Throughout today's testimony, we repeatedly heard about the significance of the selected statements from Wawa in the context of Mr. Kemmo's termination.
Mr. Kemmo is a 5 year Employee, and the contract demands a good cause is required to withhold a discharge.
Here, perhaps he should not have gotten out of his truck, perhaps he should have done some other things differently, bringing in that 4 minute stand, under tremendous stress, facing threats and harm to himself and to the property he was in charge of Mr. Kemmo acts, perhaps he could have behaved differently, or even in the matter that the employer would like better. But it is not enough to discharge a guy. The union stands for the proposition and takes the stand here, that Mr.Kemmo was not discharged for good cause, and we respectfully relight arbitration reinstate Mr. Kemmo with full back pay,
Thank you.

XI. I have the audio recording of the preparation of the arbitration hearing with the union lawyer Bill (William) Wolf, and the union delegation Michael Gatto as a proof of evidence that the union lawyer Bill Wolf told me that if I want he will talk to the company lawyer to get some money so I can go away. I said no and declined this offer, expressing my desire not to pursue that route. I will provide the court with the audio recording on the date of the trial.

XII. I have the audio recording of the all important grievance hearing with the union delegate Michael Gatto and the union shop Steward Lloyd Bullock as a proof of evidence that the company lost the grievance hearing. They could not prove their case, they had no proof and no evidence , But the company decided to go to the arbitration so they can have more time to fabricate the evidence. I will provide the court with the audio recording on the date of the trial

XIII. I have the audio recording of the Wawa manager gas station in Linden, Nj, where the incident happened as a proof of evidence that I have no problem with Wawa. Wawa never suspended me from making deliveries to any of their locations. I will provide the court with the audio recording on the date of the trial.

XIV. I have the audio recording of the arbitration hearing with the union lawyer Bill (William) Wolf, the union delegate Michael Gatto and the shop steward Lloyd Bullock as a proof of evidence that the company lost the arbitration hearing.
The arbitration JJ Pierson was compromised by Island Transportation corp to not put me back to work. JJ pierson said on page 8 of the arbitration result that:
As he testified :
The crowbar was a cell phone.
However, I did not say that, I said I did not have a crowbar in my hand, the crowbar was in my tanker fitting box. The audio recorder of the arbitration hearing is proof to confirm that. I will provide the court with the audio recording on the date of the trial

XV. I have the audio recording of the union delegate Michael Gatto, as a proof of evidence. In this recording, he acknowledges for the second time and confirms that during the grievance hearing, he stated I did not have a crowbar in that video, he did not see a crowbar in the video that we all saw in the grievance hearing. I will provide the court with the audio recording on the date of the trial.

XVI. My lawyer Alan Genitempo was compromised by island transportation Corp. to drop my case.

XVII. I demand trial by a Jury on all of the triable issues of this complaint, pursuant to New Jersey Court Rules
1:8-2 (b) and 4:35-1 (a).

XVIII. I have also included the federal charges and the EEOC charges in these complaints.

XIX. Mr. Genitempo gave me a silver and blue thumb nail drive which is labeled on a white sheet of paper for safe keeping. He said it contains all of my videos and audios.
I will provide this to the court on the date of the trial.

XX. Initial demand of $1,000,000 of all compensations.

Thank you.

Form A

2. PUNITIVE DAMAGES.
   LOSS OF MY UNION PENSION MONEY AND BENEFITS.
   DAMAGES TO MY 401K MONEY AND BENEFITS.
   LOSS OF MY MEDICAL INSURANCE.
   HAVING HARD TIME GETTING EMPLOYMENT.

3. MY LIFE HAS BEEN AFFECTED OF BEING TREATED UNFAIRLY.
   MY DAILY ROUTINE AND DAILY ACTIVITIES HAVE BEEN AFFECTED.
   INITIAL DEMAND OF $1,000,000 FOR ALL COMPENSATION.

Wherefore, plaintiff requests judgment against defendant for damages, together with attorney's fees, if applicable, costs of suit, and any other relief as the court may deem proper.

11/21/2025
Dated

[Signature]
Signature

I certify that the dispute about which I am suing is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

11/21/2025
Dated

[Signature]
Signature

**OPTIONAL:** If you would like to have a judge decide your case, do not include the following paragraph in your complaint. If you would prefer to have a jury to decide your case, please sign your name after the following paragraph.

**JURY DEMAND**

The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court *Rules* 1:8-2(b) and 4:35-1(a).

11/21/2025
Dated

[Signature]
Signature



# New Jersey Judiciary
## Civil Practice Division
# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1. Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed, or attorney's signature is not affixed.

### For Use by Clerk's Office Only

| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |
|---|---|---|---|---|
| | | | | |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| ERIC KEMMO | 9734446921 ext. | ESSEX |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| | |

| Office Address - Street | City | State | Zip |
|---|---|---|---|
| 261 SOUTH ORANGE AVE | NEWARK | N.J. | 07103 |

| Document Type | Jury Demand |
|---|---|
| | ☑ Yes  ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| ERIC KEMMO | ERIC KEMMO V. ISLAND TRANSPORTATION CORP. |

Case Type Number (See page 3 for listing) **616**

| | Yes | No |
|---|---|---|
| Are sexual abuse claims alleged? | ☐ | ☑ |
| Does this case involve claims related to COVID-19? | ☐ | ☑ |
| Is this a professional malpractice case? | ☐ | ☑ |

If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit.

| Related Cases Pending? | ☐ Yes | ☑ No |
|---|---|---|

If "Yes," list docket numbers

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | ☐ Yes | ☑ No |
|---|---|---|

| Name of defendant's primary insurance company (if known) | ☐ None | ☐ Unknown |
|---|---|---|
| NATIONAL INTERSTATE INSURANCE | | |

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship?    ☒ Yes    ☐ No

If "Yes," is that relationship:
☒ Employer/Employee    ☐ Friend/Neighbor    ☐ Familial    ☐ Business
☐ Other (explain) _____

Does the statute governing this case provide for payment of fees by the losing party?    ☒ Yes    ☐ No

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition.

Do you or your client need any disability accommodations?    ☐ Yes    ☒ No
If yes, please identify the requested accommodation:

Will an interpreter be needed?    ☒ Yes    ☐ No
If yes, for what language?
FRENCH

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Attorney/Self-Represented Litigant Signature: _____

# Civil Case Information Statement (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES
(Choose one and enter number of case type in appropriate space on page 1.)

### Track I - 150 days discovery

| | |
|---|---|
| 151 | Name Change |
| 175 | Forfeiture |
| 302 | Tenancy |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | Book Account (debt collection matters only) |
| 505 | Other Insurance Claim (including declaratory judgment actions) |
| 506 | PIP Coverage |
| 510 | UM or UIM Claim (coverage issues only) |
| 511 | Action on Negotiable Instrument |
| 512 | Lemon Law |
| 801 | Summary Action |
| 802 | Open Public Records Act (summary action) |
| 804 | Election Law |
| 805 | Civil Commitment Expungement |
| 999 | Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | |
|---|---|
| 305 | Construction |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) |
| 599 | Contract/Commercial Transaction |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) |
| 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 605 | Personal Injury |
| 610 | Auto Negligence – Property Damage |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | Tort – Other |

### Track III - 450 days discovery

| | |
|---|---|
| 005 | Civil Rights |
| 301 | Condemnation |
| 602 | Assault and Battery |
| 604 | Medical Malpractice |
| 606 | Product Liability |
| 607 | Professional Malpractice |
| 608 | Toxic Tort |
| 609 | Defamation |
| (616) | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 617 | Inverse Condemnation |
| 618 | Law Against Discrimination (LAD) Cases |

Revised Form Promulgated by 12/02/2024 Notice to the Bar, (effective 12/02/2024), CN 10517 (Appendix XII-B1)    page 3 of 4

**Track IV - Active Case Management by Individual Judge / 450 days discovery**

| | |
|---|---|
| 156 | Environmental/Environmental Coverage Litigation |
| 303 | Mt. Laurel |
| 508 | Complex Commercial |
| 513 | Complex Construction |
| 514 | Insurance Fraud |
| 620 | False Claims Act |
| 701 | Actions in Lieu of Prerogative Writs |
| 816 | Affordable Housing |

**Multicounty Litigation (Track IV)**

| | |
|---|---|
| 282 | Fosamax |
| 291 | Pelvic Mesh/Gynecare |
| 292 | Pelvic Mesh/Bard |
| 293 | DePuy ASR Hip Implant Litigation |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components |
| 300 | Talc-Based Body Powders |
| 601 | Asbestos |
| 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 626 | Abilify |
| 627 | Physiomesh Flexible Composite Mesh |
| 628 | Taxotere/Docetaxel |
| 629 | Zostavax |
| 630 | Proceed Mesh/Patch |
| 631 | Proton-Pump Inhibitors |
| 633 | Prolene Hernia System Mesh |
| 634 | Allergan Biocell Textured Breast Implants |
| 635 | Tasigna |
| 636 | Strattice Hernia Mesh |
| 637 | Singulair |
| 638 | Elmiron |
| 639 | Pinnacle Metal-on-Metal (MoM) Hip Implants |
| 640 | Bard Implanted Port Catheter Products |

If you believe this case requires a track other than that provided above, please indicate the reason on page 1, in the space under "Case Characteristics".

**Please check off each applicable category**

☐ Putative Class Action ☐ Title 59 ☐ Consumer Fraud
☐ Medical Debt Claim